IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE MINOCQUA BREWING COMPANY, LLC and
KIRK BANGSTAD,

               Plaintiffs,

v.                                                                               OPINION and ORDER

DANIEL HESS, MITCHELL IVES,                                  25-cv-325-jdp
SCOTT HOLEWINSKI, WILLIAM FRIED,
and ROBERT ALMEKINDER,

               Defendants.

---

This case is the latest chapter in a dispute between plaintiff Kirk Bangstad and municipal officials over requirements and restrictions placed on Bangstad's business, the Minocqua Brewing Company. Over the course of three lawsuits filed in this court, plaintiffs have accused the local government of retaliating against them in various ways because Bangstad publicly espouses liberal viewpoints.

In the first lawsuit, plaintiffs sued the Town of Minocqua and members of the town board for, among other things, delaying and denying permit requests related to a beer garden that Bangstad wanted to open outside his taproom. *The Minocqua Brewing Company, LLC v. The Town of Minocqua*, No. 23-cv-578-jdp (W.D. Wis.). In the second lawsuit, plaintiffs alleged that the town and its board were withholding a permit related to the beer garden because plaintiffs refused to dismiss the first lawsuit. *The Minocqua Brewing Company v. The Town of Minocqua*, No. 24-cv-135-jdp (W.D. Wis.). The parties settled both cases shortly after the court denied a motion to dismiss the first case and a motion for a preliminary injunction in the second case.

This third and latest lawsuit is also about a permit for operating a beer garden. But this case is against the members of the Oneida County Planning and Development Committee, not

the Minocqua Town Board, and it is about the committee's July 2024 decision to *revoke* the conditional use permit it approved in October 2023 for operating the beer garden. As in the other lawsuits, plaintiffs allege that defendants are retaliating against plaintiffs for exercising their right to free speech under the First Amendment.[1]

Plaintiffs move for a preliminary injunction to require defendants to reinstate plaintiffs' conditional use permit. Dkt. 2.[2] The court will deny this motion because plaintiffs have not shown a likelihood of success, which is one of the requirements for obtaining a preliminary injunction. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 613–14 (7th Cir. 2024).

To prevail on their First Amendment retaliation claim, plaintiffs must prove that defendants revoked the permit because of their speech. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). At this stage of the case, plaintiffs have submitted little evidence to support a causal connection between their speech and the revocation decision.

Defendants say that they revoked plaintiffs' permit for a straightforward reason: plaintiffs were not complying with several conditions of the permit. Dkt. 21, ¶ 78. These include conditions about parking, signage and pavement markings, stormwater management, and compliance with requirements of the Americans with Disabilities Act and the Wisconsin Department of Transportation. Dkt. 14-18 (minutes from the July 2024 hearing). In addition,

---

[1] Plaintiffs also have at least one related case pending in state court. *See Oneida County v. Bangstad*, No. 2024cx2 (Oneida Cty. Cir. Ct.). Neither side asks the court to stay this case or abstain from hearing it in light of a state-court lawsuit, so the court does not consider that issue.

[2] A few weeks after plaintiffs moved for a preliminary injunction, defendants moved to dismiss the case for failure to state a claim. Dkt. 17. The parties are still briefing that motion.

the committee accused plaintiffs of operating the outdoor beer garden before they satisfied the conditions of the permit, which was itself a violation of the permit. *Id.*

Plaintiffs admit that they failed to comply with several conditions of the permit before they began operating their beer garden. Dkt. 21, ¶¶ 53–54. During the July 2024 hearing before the committee, plaintiffs' lawyer did not dispute that plaintiffs continued operating the beer garden even after the committee suspended the permit for operating the beer garden before complying with all conditions. *Id.*, ¶¶ 70–71. Counsel represented that it was plaintiffs' "goal" to satisfy the permit conditions by October 2024. *Id.*, ¶ 77; Dkt. 20, ¶ 37. Plaintiffs also admit that, as of February 2025, they had not yet satisfied all conditions of the permit. Dkt. 20, ¶ 39.

Plaintiffs complain that the conditions of the permit were onerous and expensive, which is why plaintiffs operated the beer garden before complying with all the conditions. But plaintiffs do not challenge the reasonableness of any of the permit conditions, and they do not identify similarly situated businesses that were allowed to keep their permits despite multiple violations, so the difficulty of complying with the conditions does not suggest any retaliatory intent.

To support causation, plaintiffs rely primarily on what they say is a history of unfair treatment and derogatory statements by local officials after Bangstad became a vocal supporter of Democratic candidates and liberal causes. But nearly all of that evidence relates to speech and conduct by government officials other than defendants, mostly members of the town board. *See* Dkt. 20, ¶¶ 3–4, 11, 16–18, 21. Plaintiffs do not explain how any of that evidence shows why these defendants revoked the conditional use permit.

Instead of directly challenging defendants' reasons for revoking the conditional use permit, plaintiffs say that retaliatory intent can be inferred from unreasonable conditions

3

imposed on plaintiffs' "administrative review permit," which was a different permit that plaintiffs previously sought when Bangstad first purchased what is now the taproom. Specifically, plaintiffs say that defendants: (1) required plaintiffs to obtain an agreement from the town to construct a driveway over land owned by the town; and (2) refused to waive an ordinance requirement to construct a certain number of parking spaces.

The conditions placed on the administrative review permit are weak evidence that defendants revoked plaintiffs conditional use permit because of Bangstad's political speech. Plaintiffs admit that the conditions on the administrative review permit were recommended by the town board, not the county committee. Dkt. 20, ¶¶ 21, 23. The committee did approve the recommendations, but there is nothing inherently unreasonable about upholding a decision to enforce an ordinance or to require plaintiffs to obtain permission from the town to use the town's land. Plaintiffs say that other business owners were not subjected to the same requirements, but plaintiffs rely solely on Bangstad's conclusory declaration for this proposition. Dkt. 4, ¶¶ 20, 22. Bangstad neither provides foundation for his statements nor demonstrates that any other business was similarly situated to plaintiffs.

Even if it would be reasonable to infer that the committee placed unreasonable conditions on plaintiffs' administrative review permit because of Bangstad's political speech, it would not follow that defendants revoked plaintiffs' conditional use permit because of Bangstad's speech. Again, plaintiffs admit they violated multiple conditions of the conditional use permit, and they identify no basis for inferring that the conditions themselves were discriminatory. Under those circumstances, it would not be reasonable to infer that defendants

revoked plaintiffs conditional use permit because of Bangstad's speech rather than because plaintiff violated the conditions of the permit.[3]

The bottom line is that defendants had valid reasons for revoking plaintiffs' conditional use permit, and plaintiffs have not cited persuasive evidence that defendants' reasons are pretexts for retaliation. So plaintiffs have not demonstrated a likelihood of success on the merits of their First Amendment claim, and they are not entitled to preliminary injunctive relief.

ORDER

IT IS ORDERED that plaintiffs' motion for a preliminary injunction, Dkt. 2, is DENIED.

Entered June 3, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[3] Plaintiffs cite additional evidence in their reply brief, but plaintiffs identify no reason they failed to include the evidence with their opening brief. Defendants have not had an opportunity to respond to the evidence, so the court will not consider it for the purpose of plaintiffs' preliminary injunction motion. *See Adams v. Bd. of Educ. of Harvey Sch. Dist. 152*, 968 F.3d 713, 716 (7th Cir. 2020); *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990); Procedures to be Followed on Motions for Injunctive Relief, *available at* https://www.wiwd.uscourts.gov/local-rules.