IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE MINOCQUA BREWING COMPANY, LLC and
KIRK BANGSTAD,

                        Plaintiffs,

    v.                                                  OPINION and ORDER

DANIEL HESS, MITCHELL IVES,                         25-cv-325-jdp
SCOTT HOLEWINSKI, WILLIAM FRIED,
and ROBERT ALMEKINDER,

                        Defendants.

---

Plaintiffs The Minocqua Brewing Company and Kirk Bangstad move for a preliminary injunction to order the members of the Oneida County Planning and Development Committee to grant plaintiffs' application for a conditional use permit to operate a beer garden outside their brewery. Dkt. 26. For the reasons below, the court will deny the motion.

Less than two months ago, plaintiffs sought a similar preliminary injunction in this case, asking the court to reinstate a conditional use permit that the committee had revoked for the beer garden. The court denied the first motion because plaintiffs did not show a likelihood of success on the merits, which is one of the requirements for obtaining a preliminary injunction. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 613–14 (7th Cir. 2024). Specifically, plaintiffs failed to adduce evidence to support their claim that the committee revoked the permit to retaliate against plaintiffs for exercising their First Amendment rights. It was undisputed that plaintiffs had failed to comply with multiple conditions in the permit, and plaintiffs did not point to evidence suggesting that the conditions themselves were unfair or pretexts for retaliation. Dkt. 23. A First Amendment retaliation claim requires proof that the defendant took an adverse act against the plaintiff because of the

plaintiff's speech, *see Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009), so plaintiffs' failure to show a causal connection between their speech and the permit revocation required denial of their motion for a preliminary injunction.

After plaintiffs filed their first preliminary injunction motion, the county committee denied plaintiffs' renewed application for a permit to operate a beer garden. Plaintiffs then amended their complaint to include new allegations that the committee denied the new application and that the denial was retaliation against plaintiffs for their speech. Dkt. 24, ¶¶ 79–83, 97.

Plaintiffs' new preliminary injunction motion is mostly a rehash of the first motion, relying on much of the same argument and evidence that the court has already rejected. Plaintiffs did not seek reconsideration of the court's decision denying their first preliminary injunction motion, and they do not contend now that the court erred in denying their first motion, so it is not necessary to consider that evidence or argument again.

Plaintiffs submit two new pieces of evidence in their new motion. The first is a declaration from plaintiffs' counsel in this case, who was present at the June 11, 2025 hearing where the committee denied plaintiffs' renewed request for a permit. Dkt. 29. The court understands plaintiffs' argument to be that it is reasonable to infer that defendants were retaliating against plaintiffs because, according to plaintiffs' counsel, the county's counsel "confirmed [during the hearing] that [the brewery] had come into compliance with the final unsatisfied conditions of the proposed" permit. *Id.* ¶ 22. In other words, plaintiffs contend that there would be no reasonable basis to deny the permit application once plaintiffs had satisfied the conditions of the permit.

A threshold problem with the declaration is that counsel generally may not serve as both an advocate and a witness in the same case. *U.S. v. Marshall*, 75 F.3d 1097, 1106 (7th Cir.1996); *Petrilli v. Drechsel*, 94 F.3d 325, 330 (7th Cir. 1996). But even if the court considers counsel's declaration, it does not support plaintiffs' request for injunctive relief. The declaration includes an alleged statement by defendant Scott Holewinksi, explaining the reasons for denying the permit:

> [T]his isn't about parking spaces or fencing or traffic markings. That all can be handled in conditions of the CUP. This is about an applicant refusing to follow specific conditions in the past and violating every permit he had for the past three plus years. In fact, he is currently violating a known permit right now. And this morning he, Mr. Bangstad put on social media that no matter what happens today, he will be open anyway. So it just shows that he doesn't follow the rules. He doesn't.

Dkt. 29, ¶ 26. Plaintiffs cite this statement as evidence showing retaliatory intent because it refers to "a Facebook post from earlier that day in which Mr. Bangstad criticized Defendants and other local officials." Dkt. 27, at 18. Plaintiffs did not submit the post to the court, but regardless of what the post says, Holewinski's quoted statement says nothing about criticism against local officials. Rather, the statement accuses plaintiffs of repeatedly violating permit conditions and disregarding the committee's decisions. That is not a retaliatory reason for denying plaintiffs' permit application, and plaintiffs have not submitted any evidence challenging the factual basis of the statement.

Plaintiffs may believe that refusing a new permit because of numerous past permit violations is harsh or unfair, but that is not evidence that the reason is a pretext for retaliation. *See Simpson v. Beaver Dam Cmty. Hospitals, Inc.*, 780 F.3d 784, 795 (7th Cir. 2015). Plaintiffs cite no evidence that defendants have been more forgiving of other businesses with a similar history of permit violations.

Plaintiffs' other new piece of evidence is a declaration from a different lawyer who is representing plaintiffs in a state court lawsuit brought by Oneida County. Dkt. 31.[1] The lawyer states that the lawsuit is about more than 100 alleged zoning violations, and he describes the procedural history of that lawsuit. Plaintiffs do not challenge the factual basis of the alleged violations, and they do not otherwise explain how the lawsuit supports their motion for a preliminary injunction in this court. It is not inherently suspicious for a local government to enforce permit violations, so this declaration does not support an inference that defendants are retaliating against plaintiffs.

Neither of the new declarations plaintiffs submitted with their renewed motion for a preliminary injunction show a likelihood of success on their retaliation claim. So the court will deny the motion.

### ORDER

IT IS ORDERED that plaintiffs' motion for a preliminary injunction, Dkt. 26, is DENIED.

Entered June 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[1] Plaintiffs recently removed that case to federal court. *Oneida County v. Minocqua Brewing Company, LLC*, No. 25-cv-520-jdp (W.D. Wis. filed June 20, 2025). The court has directed the parties to show cause why that case should not be remanded to state court.