IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE MINOCQUA BREWING COMPANY, LLC and
KIRK BANGSTAD,

                      Plaintiffs,

  v.                                                    OPINION and ORDER

DANIEL HESS, MITCHELL IVES,                            25-cv-325-jdp
SCOTT HOLEWINSKI, WILLIAM FRIED,
and ROBERT ALMEKINDER,

                      Defendants.

---

Plaintiff Kirk Bangstad owns The Minocqua Brewing Company, LLC, a microbrewery that operates a taproom in Minocqua, Wisconsin. Plaintiffs allege that the members of the Oneida County Planning and Development Committee revoked plaintiffs' 2023 conditional use permit for operating a beer garden and refused to approve a subsequent permit application because plaintiffs publicly espouse liberal views and criticize defendants. Plaintiffs are suing defendants under 42 U.S.C. § 1983, contending that defendants are violating the First Amendment.

The court previously denied plaintiffs' motion for a preliminary injunction, concluding that plaintiffs had not shown a likelihood of success on the merits because they had little evidence that defendants' permitting decisions were motivated by plaintiffs' speech. Dkt. 32. That decision is on appeal.

Defendants now move to dismiss for failure to state a claim, contending that plaintiffs have not adequately alleged that defendants had a retaliatory motive.[1] In the alternative, defendants ask the court to abstain from hearing this case because plaintiffs are raising the same First Amendment challenge in multiple state-court cases.

The court will deny the motion to dismiss for failure to state a claim. Defendants' arguments echo the court's reasoning in denying the motion for a preliminary injunction, but there is a fundamental difference between the standards for stating a claim and obtaining preliminary injunctive relief. An injunction requires *evidence* that the plaintiff has a likelihood of success. Stating a claim requires only plausible allegations. Plaintiffs' complaint meets that low bar.

As for defendants' request to abstain in light of state-court proceedings, plaintiffs do not dispute that they are raising the same First Amendment issues in the state-court cases that they are raising in this case. But the cases are not truly parallel because the state-court cases are civil enforcement proceedings brought by the county against plaintiffs for permit violations. Even if plaintiffs prevail on their defenses in state court, they will not be able to obtain the sort of relief that they could obtain in this court. In any event, it does not appear that the state-court proceedings have advanced any further than this case has, and plaintiffs are asserting only a federal claim, which weakens any argument for deferring to the state courts. Defendants have not met their burden to show "exceptional circumstances, the clearest of justifications to justify

---

[1] A case is not automatically stayed when a denial of a motion for preliminary injunction is appealed. *See Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006). Neither side has asked the court to defer ruling on defendants' motion to dismiss until the appeal is resolved, so the court will decide the motion.

the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983) (internal quotation marks and alterations omitted).

ANALYSIS

Defendants assert two contentions in their motion: (1) plaintiffs have not stated a claim for First Amendment retaliation; and (2) the court should abstain from hearing the case because there are parallel proceedings in state court.

**A. Failure to state a claim**

A First Amendment retaliation claim has three elements: (1) the plaintiffs engaged in activity protected by the First Amendment; (2) the defendants took adverse action against the plaintiffs that would dissuade a person of ordinary firmness from exercising his or her First Amendment rights; and (3) the defendants took the adverse action because of the plaintiffs' protected activity. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). For the purpose of their motion to dismiss, defendants assume that plaintiffs engaged in protected speech and that revocation and denial of a conditional use permit would dissuade an ordinary person from exercising his First Amendment rights. But defendants contend that plaintiffs have not adequately alleged that defendants took any adverse action against plaintiffs because of their speech.

To state a claim, the plaintiff must provide fair notice of his claim and "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023), which means that the allegations in the complaint raise a right to relief above the speculative level, *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020). Stated another way, the plaintiff must "present a story that holds together" under the relevant law. *Taylor v. Salvation Army National Corporation*, 110

3

F.4th 1017, 1028 (7th Cir. 2024). In the context of a retaliation claim, the plaintiff "must plausibly explain what led him to believe his treatment was because of the protected activity. *Dorsey v. Williams*, No. 21-1858, 2022 WL 337192, at *1 (7th Cir. Feb. 4, 2022) (internal quotation marks and alterations omitted).

Plaintiffs have met this low bar. They include the following allegations in their complaint to support the causation element:

- Bangstad used his business "as a platform for political activism." Dkt. 24, ¶ 13. He serves beer "named after prominent progressive politicians and slogans," he sells merchandise that displays messages "critical of right-wing . . . politicians," he hosts Democratic and "left-wing" events at the taproom, and he often criticizes defendants, especially on social media. *Id.* ¶¶ 15–18, 44, 58, 64–65, 70, 76–77, 79.

- The county required plaintiffs to enter into a license agreement with the town as a condition of obtaining a permit, even though no other business in the town had been subjected to such a requirement. *Id.* ¶¶ 34, 37.[2]

- The county refused to grant parking space waivers to plaintiffs despite granting them to other local businesses, including another tap room. *Id.* ¶ 36.

- One of the defendants stated that he wanted to "hit" plaintiffs with punitive action in the spring, just before the beginning on the summer tourist season. *Id.* ¶ 39.

- Defendants delayed consideration of plaintiffs' conditional use permit application for five months and then denied the application just before the summer season. *Id.* ¶ 40.

- Defendants issued citations to plaintiffs for having an unscreened dumpster, even though numerous other businesses had unscreened dumpsters and did not receive citations. *Id.* ¶ 42.

---

[2] Some of plaintiffs' allegations refer to "the County" generally rather than to the Oneida County Planning and Development Committee specifically. Construing the complaint liberally, the court will infer that the allegations against the county are allegations against the committee members.

- Defendants issued citations to plaintiffs for displaying merchandise outside the taproom's front door, even though at least a dozen other businesses also displayed merchandise outside and did not receive any citations. *Id.* ¶ 43.

- Shortly after plaintiffs posted criticisms of defendants on social media, defendants prohibited Bangstad from speaking during a hearing on his permits. *Id.* ¶ 45.

- Shortly after plaintiffs encouraged a protest against defendants, defendants revoked one of plaintiffs' other permits. *Id.* ¶¶ 46–47.

Even if true, these allegations are far from conclusive proof that any of the defendants retaliated against plaintiffs when defendants revoked plaintiffs' permit in 2024 and refused to grant a new one in 2025. As this court explained when denying the motion for preliminary injunction, defendants had a strong reason unrelated to plaintiffs' speech for revoking the permit and refusing to issue a new one: plaintiffs had been violating many of their permit conditions since the permit was issued in 2023. Plaintiffs acknowledge in their complaint that defendants' stated reason for their decision was plaintiffs' history of permit violations. *Id.* ¶¶ 63, 82.

Plaintiffs' allegations of disparate treatment are also less than compelling. As defendants point out, much of the alleged disparate treatment does not come from events surrounding the 2024 revocation and 2025 denial but rather relates to defendants' consideration between 2020 and 2023 of a permit that defendants ultimately *granted*. The allegations of disparate treatment are also vague: plaintiffs provide little context to support an inference that the businesses receiving more favorable treatment were similarly situated to plaintiffs.

These criticisms of plaintiffs' allegations might well be dispositive at trial or summary judgment. But the court does not weigh the evidence when assessing the sufficiency of the complaint. Plaintiffs allege a history of disparate treatment by defendants that coincided with plaintiffs' political speech and speech that criticized defendants. That is essentially what

5

plaintiffs alleged about Minocqua officials in *Minocqua Brewing Co. LLC v. Town of Minocqua*, No. 23-cv-578-jdp, 2024 WL 2816057 (W.D. Wis. June 3, 2024), and this court concluded that the allegations were sufficient to state a claim. The allegations in this case are also enough to raise plaintiffs' right to relief above the speculative level.

Even if some of the alleged disparate treatment is not contemporaneous with the adverse actions at issue, it is plausible to infer at the pleading stage that defendants demonstrated a pattern of conduct that continued into 2024 and 2025. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 829 (7th Cir. 2014) (when plaintiff alleges "an ongoing campaign of retaliation, . . . her claims must be viewed through that lens"). Details about whether the other businesses were similarly situated are not required at the pleading stage. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774 (7th Cir. 2022). Defendants cite no case law suggesting that plaintiffs' allegations do not meet federal pleading standards.

The court will deny defendants' motion to dismiss for failure to state a claim.

**B. Abstention**

Defendants move to dismiss or stay this case in light of three cases filed in state court:

- In *Oneida County v. Bangstad*, No. 2024CX2 (Oneida Cty. Cir. Ct., filed Apr. 12, 2024), the county is suing plaintiffs for violating conditions of a 2022 administrative review permit related to operating their brewery. The county seeks forfeitures in the amount of $250 a day and to enjoin plaintiffs from operating the brewery until the conditions of the permit are fulfilled. Dkt. 14-20. In defense, plaintiffs are contending that the county is retaliating against them for their speech.

- In *Oneida County v. Bangstad*, No. 2025CX2 (Oneida Cty. Cir. Ct., filed June 16, 2025), the county is suing plaintiffs for violating conditions of the 2023 conditional use permit for operating a beer garden and for continuing to operate the beer garden after the permit was revoked. The county seeks forfeitures in the amount of $250 a day and to enjoin plaintiffs from operating the brewery without a conditional use permit. Dkt. 31-1. In defense, plaintiffs are arguing that the county is retaliating against them for their speech.

6

- In *Bangstad v. The Oneida County Board of Adjustment*, No. 2025CV66 (Oneida Cty. Cir. Ct., filed April 14, 2025), Bangstad challenges the board's decision denying his administrative appeal of defendants' decision to revoke the 2023 conditional use permit. Bangstad alleges that some of the conditions of the permit are unreasonable and that county selectively enforced ordinances against him. He seeks reinstatement of the conditional use permit. Dkt. 14-28.[3]

Defendants contend that abstention is proper under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), which requires the court to apply a two-part test. First, the court asks whether the state and federal cases are parallel. *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014). Second, if the cases are parallel, the court must weigh various factors for and against abstention. *Id.* When applying this test, the court must keep in mind that there is a presumption against abstention, and the court may not abstain if there is "substantial doubt that the concurrent state proceeding will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (internal quotation marks omitted).

In this case, it is undisputed that plaintiffs are raising First Amendment challenges in their state-court proceedings and that there is overlap between the state and federal cases. But that is not enough to justify abstention. The question is whether there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Freed*, 756 F.3d at 1018. Defendants have not made that showing.

As for the civil enforcement proceedings, one of them is about alleged violations of a 2022 administrative review permit, which is not at issue in this case. The other enforcement proceeding is about the 2023 conditional use permit, but in that case the county seeks to

---

[3] In their reply brief, defendants say that Bangstad recently filed a new case against the county. But no party submitted a copy of that complaint with this court or identified the claims raised in that case, so the court cannot consider it.

impose fines and restrict plaintiffs' ability to operate the taproom. Defendants do not contend that plaintiffs can get in the civil enforcement action the relief they are seeking in this case, including reinstatement of their conditional use permit, an injunction against further retaliation, and damages. The lawsuit that Bangstad filed in state court could have led to reinstatement of his permit, but, as defendants acknowledge in their reply brief, the state court dismissed that case as untimely. So that case will not resolve any of the issues raised in this case.

The significant difference in the relief plaintiffs can obtain in state court counsels against finding that the state and federal proceedings are parallel. *See Serlin v. Arthus Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."). Defendants identify no basis for prohibiting plaintiffs from seeking such remedies, so if plaintiffs were to prevail in the state-court enforcement actions, there would still be remaining issues to decide in this court, even assuming that issue preclusion would apply.[4]

That being said, the state court proceedings could be dispositive if the state court determines in No. 2025CX2 that the county did not violate the First Amendment. And even if the state court rules in plaintiffs' favor, that would likely narrow the issues for this court to decide. Even when two cases are not parallel, the court has discretion to stay a case for judicial efficiency. *Hintze v. Hintze*, No. 23-cv-685-jdp, 2024 WL 1758690, at *2 (W.D. Wis. Apr. 24, 2024).

---

[4] The county rather than the members of planning and development committee is the plaintiff in the state court enforcement proceedings, but the parties assume that any state-court ruling would be preclusive in this court.

8

But defendants have not made a persuasive case for why this court should defer to the state courts. One important factor is "how far the state court has progressed toward a final resolution." *Huon*, 657 F.3d at 647; *see also Hintze*, 2024 WL 1758690, at *2 (declining to decide whether *Colorado River* abstention was warranted but dismissing case without prejudice under court's inherent authority because a parallel state case was "considerably further along"). One of the civil enforcement actions has been proceeding since 2024, but, as already noted, that case relates to a permit that is not at issue in this case. In any event, defendants cite no evidence of significant developments in either of the civil enforcement actions beyond the denial of a preliminary injunction. The court's own review of the dockets in those cases does not show significant progress. The civil enforcement action about the conditional use permit was filed almost two months *after* this case, so it is just getting off the ground.

Another factor is about the relevant state and federal interests. If plaintiffs were asserting state-law claims, that would be a ground for a stay because courts generally defer to state courts on issues of state law. But plaintiffs' only claim is that defendants are violating the First Amendment, so there is no reason for deference. *See Huon*, 657 F.3d at 649 (vacating decision to abstain, in part because the district court "overlook[ed] the significant interest that federal courts have in Title VII and § 1981 discrimination claims").

Under these circumstances, the court is not persuaded that this is one of the "exceptional cases" in which a stay or dismissal is appropriate. *Id.* at 645. The case will proceed according to the scheduling order. But if there are any rulings in the pending state court cases that could have preclusive effect or other important implications for this case, the parties should notify the court promptly.

ORDER

IT IS ORDERED that defendants' motion to dismiss or stay the case, Dkt. 34, is DENIED.

Entered October 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge